UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 7:12-112

WILLIAM FERRELL,
    Plaintiff,

v.

**OPINION AND ORDER**

LIBERTY MUTUAL GROUP, INC. and
LIBERTY INSURANCE CORPORATION
    Defendants.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on motion for partial summary judgment by the Defendant, Liberty Insurance Corporation (DE 24) and the motion for summary judgment by the Plaintiff (DE 45).

## I. Background

The Plaintiff's house in Harold, Kentucky was damaged in a fire. The house was insured by Liberty Insurance Corporation. Pursuant to the policy, Liberty has paid the Plaintiff $295,719.16, which it asserts is the actual cash value of the dwelling at the time of the loss, and $292,132.50 in personal property coverage. (DE 24-1, Mem. at p. 2).

The regular policy limit for the dwelling was $390,000. The policy limit for personal property was $292,500. (DE 24-5, Policy, CM-ECF p. 3.) There is no dispute over the amounts paid for personal property coverage. The Plaintiff's complaint does not indicate that there is any dispute over the payment of the actual cash value of the dwelling either.

Instead, the Plaintiff indicates in his complaint that the dispute between the parties arises over his coverage for "expanded replacement cost" of the dwelling. (DE 24-5, Policy at CM-ECF p. 3.) Pursuant to that coverage, the policy limits for the dwelling are increased by 20 percent to $468,000. (DE 24-5, Policy at CM-ECF p. 3.)

The Plaintiff states in his complaint that he has obtained an estimate indicating that his costs to replace or repair the home would be $468,000, which again is the policy limit for the expanded replacement cost coverage. In his complaint, the Plaintiff alleges that Liberty has estimated the cost to repair the dwelling to be only $339,655.27.

The Plaintiff attaches to his complaint a letter from a licensed public adjuster to Liberty in which the adjuster states that the cost to replace the home would be $485,436.05. (DE 1-1, Complaint, Letter.) The letter makes clear that the Plaintiff is requesting the $468,000 policy limit for the "expanded replacement cost." It states:

> Again, the insured does not believe that your replacement cost estimate of $339,000.00 is . . . adequate to replace the house and other structures. The policy limit for the replacement of the home (Coverage A) is $390,000 and has additional Expanded Coverage up to $78,000 for a total limit of $468,000. We are requesting payment in full of the total amount of $468,000 at this time. . .

(DE 1-1, Complaint, Letter).

The Plaintiff asserts a breach of contract claim and state common-law and statutory bad faith causes of action against Liberty. In accordance with the parties' agreement, the Court bifurcated the claims into two separate proceedings, the first of which would address the breach-of-contract claim and the second, if necessary, would address the bad-faith claims. (DE 12, Order.)

Both parties now move for summary judgment on the breach-of-contract claim.

**II.    Analysis**

In analyzing the motions for summary judgment, the Court emphasizes that the Plaintiff filed this action asking the Court to find that he is entitled under the policy to $468,000 for the estimated repairs to his home. (DE 101, Complaint, ¶ 9.)

Liberty's motion for summary judgment points out that the policy very clearly provides that it is not required to pay repair or replacement costs "until actual repair or replacement is complete." (DE 24-5, Policy, at CM-ECF p. 6.) Until repair or replacement is complete, Liberty is only obligated to pay the "actual cash value of the damage." (DE 24-5, CM-ECF p. 6.)

Thus, Liberty asks the Court to dismiss the breach of contract claim because it could not have breached an obligation that it has not even incurred.

In response to the Defendant's motion for summary judgment, the Plaintiff agrees that Liberty is under no obligation to pay him repair or replacement costs until the dwelling is actually rebuilt or repaired. (DE 25, Response, at 3.) In fact, he asserts that "it remains unknown" whether he will even rebuild or repair the home at all. (DE 25, Response, at 3.) Thus, he argues, his entitlement to replacement costs is not even "ripe for review." (DE 25, Response, at 3.)

The Court agrees with that assessment but notes that it was the Plaintiff who filed suit seeking his replacement costs in the first place, a matter that the Plaintiff now concedes is not ripe for review. With his Complaint, the Plaintiff sought the policy limits of $468,000 for "expanded replacement cost." (DE 1-1, Complaint, Morrison & Morrison Letter attached.) The Plaintiff now concedes that Liberty has not breached any obligation to pay that amount because he has not rebuilt or repaired his home and may never do so.

Thus, it would seem, the Defendant's motion for partial summary judgment on the breach of contract claim should be granted and that claim dismissed.

In his motion for summary judgment, however – which was filed after briefing of the Defendant's motion for summary judgment – the Plaintiff appears to change his claim. He now argues that Liberty has failed to pay him the "actual cash value" of the home, which he argues exceeds the regular, unexpanded $390,000 policy limit.

3

Again, the Plaintiff very clearly demanded repair costs in his Complaint and the $468,000 expanded policy limit for those costs. He did not ask for actual cash value. (DE 1-1, Complaint ¶¶ 8-9, Letter.) Nevertheless, in response to the Plaintiff's motion for summary judgment, Liberty argues only that the Plaintiff's motion for summary judgment should be denied because there is a factual dispute regarding the actual cash value. Further, it appears that the parties have conducted discovery on the issue of the actual cash value. The Plaintiff's expert claims the actual cash value of the property is $463,799.97. The Defendant's expert claims it is $ 217, 500.

Accordingly, the Court will construe the Plaintiff's complaint to assert a claim for the $390,000 policy limits for damage to his dwelling and will deny the Plaintiff's motion for summary judgment on that claim because there is clearly a factual dispute as to the actual cash value of the property.

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1)    The Defendant's motion for summary judgment (DE 24) is GRANTED and the Plaintiff's claim for repair or replacement costs is DISMISSED; and

2)    the Plaintiff's motion for summary judgment (DE 45) on a claim for fair cash value of the dwelling is DENIED.

Dated this 20th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY