UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 7:12-112

WILLIAM FERRELL,
    Plaintiff,

v.

**OPINION AND ORDER**

LIBERTY MUTUAL GROUP, INC. and
LIBERTY INSURANCE CORPORATION
    Defendants.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motion to amend his complaint (DE 64). For the following reasons, the motion will be denied as moot.

The Plaintiff's house in Harold, Kentucky was damaged in a fire. The house was insured by defendant Liberty Insurance Corporation. Pursuant to the policy, Liberty has paid the plaintiff $295,719.16, which it asserts was the actual cash value of the dwelling at the time of the loss. (DE 24-1, Mem. at p. 2).

The regular policy limit for the dwelling was $390,000. (DE 24-5, Policy, CM-ECF p. 3.) The plaintiff, however, purchased "expanded replacement cost" coverage for the dwelling. (DE 24-5, Policy at CM-ECF pp. 3, 6.) Pursuant to that coverage, the policy limits for the dwelling are increased by 20 percent to $468,000. (DE 24-5, Policy at pp. 3, 6.) But, "until actual repair or replacement is complete," Liberty is only obligated to pay the "actual cash value of the damage." (DE 24-5, Policy at p. 6.)

As the Court explained in a prior opinion, the plaintiff's original complaint asserted a claim for the replacement cost for the dwelling, not the actual cash value.

Liberty filed a motion for partial summary judgment in which it pointed out that the policy very clearly provides that it is not required to pay repair or replacement costs "until actual repair or replacement is complete." (DE 24-5, Policy, at CM-ECF p. 6.) Because the plaintiff had not repaired or replaced his home, Liberty moved for summary judgment on only the plaintiff's "claims for replacement costs coverage. . . ." (DE 24, Motion.)

In response, the plaintiff agreed that Liberty is under no obligation to pay him repair or replacement costs until the dwelling is actually rebuilt or repaired. (DE 25, Response, at 3.) In fact, he asserts that "it remains unknown" whether he will even rebuild or repair the home at all. (DE 25, Response, at 3.) Thus, he argues, his entitlement to replacement costs is not even "ripe for review." (DE 25, Response, at 3.)

The Court agreed and dismissed the plaintiff's claim for replacement costs.

In his motion for summary judgment, however, the plaintiff argued that Liberty has failed to pay him the "actual cash value" of the home, which he argued exceeds the regular, unexpanded $390,000 policy limit. In response to that motion, Liberty did not argue that the plaintiff's complaint contained no claim for "actual cash value." Instead, it argued only that the plaintiff's motion for summary judgment should be denied because "THERE ARE GENUINE ISSUES OF FACT IN DISPUTE WITH REGARD TO THE ACTUAL CASH VALUE OF PLAINTIFF'S DWELLING CLAIM." (DE 46, Response at CM-ECF p. 4.)

The parties' pleadings made clear that they had conducted discovery on the issue of the actual cash value of the home. The plaintiff's expert claims the actual cash value of the property is $463,799.97. The defendant's expert claims it is $ 257, 500. (DE 45-1)

Accordingly, the Court construed the plaintiff's complaint to assert a claim for the actual cash value of the property.

2

The plaintiff now seeks to amend his complaint "to clarify that he also seeks *actual cash value* under the terms of the insurance policy." (DE 64-1, CM-ECF p. 2.) The Court will deny the motion as moot. The court has construed the complaint to assert such a claim. Liberty has construed the complaint in the same way and has conducted discovery on that issue.

Accordingly, the Court hereby ORDERS that the plaintiff's motion to amend his complaint (DE 64) is DENIED as moot.

Entered June 5, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY